2006 JUL 24 A 8:36

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

MICHAEL GLEAN,

Petitioner,

v. CIVIL ACTION NO.: CV505-084

RALPH BATTLE, Warden,

Respondent.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Michael Glean ("Glean"), an inmate currently incarcerated at Bostick State Prison in Hardwick, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in the Superior Court of Ware County. Respondent filed an Answer-Response and a Motion to Dismiss. Glean has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

**STATEMENT OF THE CASE**

Glean was convicted of one count of malice murder after a jury trial in Ware County Superior Court in May 1992. Glean filed a motion for a new trial in June 1992, which was amended and supplemented by a motion for appointment of appellate counsel in 1995. Both of these motions were denied in October 1996. Glean's conviction and sentence were affirmed by the Georgia Supreme Court in 1997. Glean v. State, 268 Ga. 260, 486 S.E.2d 172 (1997).

Glean filed a petition for writ of habeas corpus in this Court in 1998. On July 31, 1998, the undersigned issued a Report in which he recommended that Glean's petition for writ of habeas corpus be denied on the merits.[1] (CV598-17, Doc. No. 11, p. 2.) The Honorable William T. Moore, Jr., adopted the Report and Recommendation as the opinion of the Court, and Glean's request for habeas relief was denied on October 29, 1998. (CV598-17, Doc. No. 16.) Glean filed an appeal with the Eleventh Circuit Court of Appeals. That Court determined that Glean made a claim that he was denied his right to appellate counsel on direct appeal from his conviction in violation of the Sixth Amendment, a claim not addressed in the undersigned's Report and Recommendation. (CV598-17, Doc. No. 34.) The Eleventh Circuit remanded the petition for further findings on that claim.

On remand, Respondent filed a Motion to Dismiss, asserting that Glean failed to raise his Sixth Amendment claim at the state level, and thus, Glean failed to exhaust his state remedies prior to pursuing his petition as required by 28 U.S.C. § 2254(b). The undersigned issued a Report wherein he recommended that Glean's petition be dismissed for failure to exhaust his state remedies; Judge Moore adopted the Report as the opinion of the Court by Order dated September 27, 2001. (CV598-17, Doc. Nos. 45 and 48.) Glean filed an appeal with the Eleventh Circuit. The Eleventh Circuit affirmed this Court's dismissal of Glean's petition on August 28, 2002. (CV598-17, Doc. No. 53.) The United

[1] In his first habeas petition, Glean asserted as the first enumeration of error his claim that he was denied a full and fair hearing on his Fourth Amendment claims. In his Answer, Respondent "specifically contest[ed] exhaustion as to" this claim because Glean failed to raise this claim in the Georgia courts. (CV598-17, Doc. No. 7, p. 3, ¶ 3.) Respondent suggested that "rather than dismiss this petition for lack of exhaustion, . . . this Court could find that Petitioner's allegation fails to state a claim for federal habeas corpus relief. . . . Respondent reserves the right to contest exhaustion should Petitioner attempt to raise additional claims." (Id.) It is evident that Respondent did not expressly waive exhaustion as a defense to the allegations contained in Glean's first petition, including Glean's allegation that his Sixth Amendment right to counsel was violated.

States Supreme Court denied certiorari on March 10, 2003. Glean v. Sikes, 538 U.S. 913, 123 S. Ct. 1497, 155 L. Ed.2d 238 (2003).

Glean filed a petition for writ of habeas corpus in the Baldwin County Superior Court on April 7, 2003. Glean asserted that his trial was conducted in an unconstitutional and illegal venue and that the trial court erred in denying his motion for new trial and appellate counsel, which forced him to represent himself. After conducting an evidentiary hearing, the Baldwin Superior Court denied Glean's petition. The Georgia Supreme Court denied Glean's application for a certificate of probable cause to appeal on February 21, 2005. (Resp't's Br., p. 5.) The United States Supreme Court denied certiorari on October 3, 2005. Glean v. Battle, ___ U.S. ___, 126 S. Ct. 220, 163 L. Ed. 2d 184 (2005).

In the instant petition, which was filed on November 11, 2005, Glean asserts that his Sixth Amendment right to counsel was violated when the trial court denied his motion for counsel on his motion for a new trial, as well as on appeal. (Pet., p. 6.) Respondent contends that Glean's petition was untimely filed and that his previously filed section 2254 petition did not toll the statute of limitation. Respondent also contends that the applicable statute of limitation expired before Glean filed his state habeas petition. In the alternative, Respondent avers that this Court should defer to the state habeas court's finding that Glean procedurally defaulted this claim, as he failed to timely raise it post-trial or on direct appeal.

**DISCUSSION AND CITATION OF AUTHORITY**

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions. The amendment sets forth a one year statute of



AO 72A
(Rev. 8/82)

limitation within which prisoners must file their federal habeas petitions. 28 U.S.C. § 2244(d)(1). According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The AEDPA applies to this section 2254 petition, as Glean filed it on November 19, 2005, more than nine (9) years after the April 24, 1996, enactment of the AEDPA. Glean's conviction became final at the time of his completion of the direct review process or at the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Glean's conviction became final for purposes of section 2254 on January 20, 1998, the date the United States Supreme Court denied certiorari on his direct appeal. Glean did not file the instant petition until November 11, 2005, which is more than thirteen (13) years after a jury found him guilty in the Ware County Superior Court, nearly eight (8) years after his conviction became final, and over nine (9) years after the AEDPA was enacted. Glean did not file a state habeas corpus petition until April 7,

2003, more than five (5) years after his conviction was final within the meaning of section 2244. At first blush, it appears that Glean's petition is untimely; however, it must be determined whether the applicable statute of limitation was tolled to allow for the filing of the instant petition.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Section 2244(d)(1)'s one-year limitation period "applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. Section 2244(d)(2) provides for tolling during the pendency of a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." Duncan v. Walker, 533 U.S. 167, 176, 121 S. Ct. 2120, 2126, 150 L. Ed. 2d 251 (2001) (internal punctuation omitted). In other words, "the filing of a petition for habeas corpus in federal court does not toll the statute of limitation." Rhines v. Weber, 544 U.S. 269, 274-75, 125 S. Ct. 1528, 1533, 161 L. Ed. 2d 440 (2005).[2] "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." Duncan, 533 U.S. at 178-79, 121 S. Ct. at 2127-28.

As stated above, Glean's conviction became final on January 30, 1998; accordingly, he had until January 31, 1999, to file a timely petition in this Court pursuant to section

[1] Prior to the enactment of the AEDPA in 1996, petitioners who filed a petition in federal court containing unexhausted claims could return to state court, exhaust their previously unexhausted claims, and return to federal court without regard to statute of limitation concerns. Rhines, 544 U.S. at 274, 125 S. Ct. at 1533.

2254. Glean filed a petition for writ of habeas corpus in this Court on March 31, 1998. Without repeating the extensive procedural history of Glean's petition, most of Glean's claims were disposed of on the merits by this Court. However, after the Eleventh Circuit remanded Glean's petition to this Court, Glean's remaining claim– that the trial court violated his Sixth Amendment right to counsel– was dismissed due to Glean's failure to bring this claim before the state courts. Glean then filed a petition for writ of habeas corpus in the Baldwin County Superior Court on April 7, 2003. By this time, the statute of limitation applicable to a federal habeas petition had expired, as Glean did not have a properly filed pleading in the state courts. The tolling provision of section 2244(d)(2) is not applicable.

Having determined that statutory tolling is not available to Glean, the Court must now decide whether he is entitled to equitable tolling of the statute of limitation. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1815, 161 L. Ed. 2d 669 (2005). Equitable tolling is "limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing. The petitioner bears the burden of showing equitable tolling is warranted." Rainey v. Secretary for Dept. of Corrections, 443 F.3d 1323, 1330 (11th Cir. 2006) (internal citation omitted).

Glean contends that he diligently pursued his claims and even provides the Court with a timeline detailing his diligence. (Doc. No. 12, p. 8.) Glean also contends that both the State and this Court misled him to believe that the State waived the requirement that he exhaust his state remedies before this Court would consider the merits of his claims.



AO 72A
(Rev. 8/82)

Glean was a licensed attorney in the State of Georgia at the time he was convicted of murder in the Ware County Superior Court. This Court finds Glean's argument that this Court and the State misled him to be disingenuous. Moreover, even if Glean were misled to believe the State waived the exhaustion defense, the fact still remains that Glean had the duty to timely file his federal habeas petition. Glean's misunderstanding of the law is not a circumstance so extraordinary as to allow for the equitable tolling of the statute of limitation.

**CONCLUSION**

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 4) be **GRANTED**, and Glean's petition, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED** this 24th day of July, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev. 8/82)